# STATE OF WEST VIRGINIA
## IN THE SUPREME COURT OF APPEALS

**FILED**

**March 7, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**In Re: Cheyenne C.**

**No. 12-0932 (Raleigh County 12-JA-01)**

## MEMORANDUM DECISION

The petitioner herein and respondent below, Brandon C.[1] ("Petitioner"), appeals from an order entered July 24, 2012, by the Circuit Court of Raleigh County, in which the circuit court terminated Petitioner's parental rights to Cheyenne C. ("child" or "Cheyenne"). On appeal to this Court, Petitioner argues that the termination of his parental rights was improper because he was not afforded an opportunity to be heard. The appeal was timely perfected by counsel, and the appendix record accompanied the petition. The West Virginia Department of Health and Human Resources ("DHHR") filed its response, and the guardian ad litem filed a response on behalf of the child. Based upon the parties' written submissions and oral arguments, the portions of the record designated for our consideration, and the pertinent authorities, we find that the circuit court erred in terminating Petitioner's parental rights without adequate notice and an opportunity to be heard. Accordingly, we reverse the underlying decision and remand the case to the lower court to hold a dispositional hearing. This Court further finds that this case presents no new or significant questions of law, and, thus, will be disposed of through a memorandum decision as contemplated by Rule 21 of the Revised Rules of Appellate Procedure.

This case commenced on January 4, 2012, when DHHR filed its initial petition alleging that Cheyenne's mother ("mother")[2] was arrested in Florida for possession of a controlled substance, carrying a concealed weapon, and child neglect without great harm. Upon inspection, it was learned that there were also previous domestic violence petitions involving the mother and Petitioner. At the point when the child was removed from her mother's custody, DHHR looked to the Petitioner. DHHR expressed concerns about

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

[2]Cheyenne's mother's parental rights are not at issue before this Court. Cheyenne was reunified with her mother following her mother's successful completion of an improvement period.

Petitioner's refusal to take custody of the child after he learned that he would be asked to submit to a drug screen. A preliminary hearing was held January 20, 2012. While Petitioner was not present, his counsel appeared at the hearing.

A month later, an amended petition was filed regarding the domestic violence between Petitioner and mother. An adjudicatory hearing was held February 24, 2012, which Petitioner did not attend. During this hearing, the lower court determined that Petitioner had abused, neglected, or abandoned Cheyenne.[3]

On May 25, 2012, a review hearing was held. Petitioner was present at the hearing; however, his counsel was not. During the hearing, the circuit court contacted Petitioner's counsel via telephone and was informed that Petitioner's counsel would be withdrawing from the case because he was closing his practice. An order was entered June 13, 2012, appointing new counsel for Petitioner. Thereafter, a dispositional hearing was held on June 18, 2012. Petitioner did not appear at the hearing, and his counsel moved the court for a continuance based upon his recent appointment and his inability to contact Petitioner. Petitioner's parental rights to Cheyenne were terminated on July 24, 2012, based, in large part, on the lower court's determination that Petitioner "has abandoned his child Cheyenne . . . and . . . fail[ed] to appear at this hearing[.]"

On appeal to this Court, Petitioner argues that he was not provided the required notice prior to the dispositional hearing because he was never notified personally of the hearing, and because his legal representation was in transition.[4] As maintained by Petitioner, his new counsel was appointed and notified of the hearing only days prior thereto. Petitioner received neither the notice of substitution of counsel nor the notice of the hearing prior to disposition. DHHR disagrees and explains that Petitioner's counsel attempted to contact him regarding the dispositional hearing, but that Petitioner was unresponsive. While the DHHR, in its brief to this Court, argued that Petitioner had notice of the dispositional hearing as required, it, nevertheless, admitted during oral argument before this Court that Petitioner's procedural rights were violated and, further, that it had no objection to a remand of the case for a dispositional hearing. The guardian ad litem agrees that Petitioner was not provided adequate notice of the dispositional hearing.

Generally, in the realm of an abuse and neglect case,

---

[3]Although other minor children were involved in the underlying proceedings, their adjudications are not at issue before this Court.

[4]Petitioner also set forth other assignments of error; however, our decision in this case obviates the need to address Petitioner's other assertions on appeal.

[a]lthough conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety.

Syl. pt. 1, *In the Interest of: Tiffany Marie S.,* 196 W. Va. 223, 470 S.E.2d 177 (1996). Mindful of the applicable standards, we proceed to consider the parties' arguments.

As in all cases involving children, this Court holds paramount the best interests of the child,[5] while also balancing a parent's right to his or her child. *See* Syl. pt. 3, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children."). *See also* Syl. pt. 1, *In Interest of Betty J.W.*, 179 W. Va. 605, 371 S.E.2d 326 (1988) ("'In the law concerning custody of minor children, no rule is more firmly established than that the right of a natural parent to the custody [of] his or her infant child is paramount to that of any other person; it is a fundamental personal liberty protected and guaranteed by the Due Process Clauses of the West Virginia and United States Constitutions.' Syllabus Point 1, *In Re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973).").

Due process protections relating to a parent's participation in proceedings involving the welfare of his or her child require that "[i]n any proceeding pursuant to the provisions of this article, the party or parties having custodial or other parental rights or responsibilities to the child shall be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." W. Va. Code

---

[5]In the present case, we are mindful that the guardian ad litem's position is that loss of contact with Petitioner would be harmful to Cheyenne. The child and Petitioner have a close bond and visitation was well-received.

§ 49–6–2(c) (2012) (Supp. 2012).

> "'West Virginia Code, Chapter 49, Article 6, Section 2, as amended, and the Due Process Clauses of the West Virginia and United States Constitutions prohibit a court or other arm of the State from terminating the parental rights of a natural parent having legal custody of his [or her] child, without notice and the opportunity for a meaningful hearing.' Syl. pt. 2, *In re Willis*, 157 W. Va. 225, 207 S.E.2d 129 (1973)." Syllabus point 1, *West Virginia Department of Welfare ex rel. Eyster v. Keesee*, 171 W. Va. 1, 297 S.E.2d 200 (1982).

Syl. pt. 7, *State ex rel. Jeanette H. v. Pancake*, 207 W. Va. 154, 529 S.E.2d 865 (2000).

Applying these due process principles to the present case, it is clear that Petitioner was not afforded notice of the dispositional hearing or a meaningful opportunity to be heard. During a review hearing held on May 25, 2012, Petitioner was present but without his counsel. Upon investigation during the hearing, it was found that Petitioner's counsel would be withdrawing from the case. At some point before the end of the review hearing, Petitioner left and was not present at the end of the hearing when the date for the upcoming dispositional hearing was set. It is confessed that Petitioner did not receive written notice of the hearing, that Petitioner's new counsel had been unable to communicate the same to him, and that Petitioner's new counsel had not had an appropriate amount of time to prepare for the hearing since his appointment on June 13, 2012, was a mere five days prior to the hearing. This position was advanced by both Petitioner and the guardian ad litem, and was adopted, subsequently, during oral argument, by the DHHR.

For the foregoing reasons, we find reversible error in the circuit court's decision to terminate Petitioner's parental rights in the absence of proper notice and an opportunity to be heard. Therefore, the July 24, 2012, order is reversed, and the case is remanded for a proper dispositional hearing.

Reversed and Remanded.

**ISSUED: March 7, 2013**

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Menis E. Ketchum**
**Justice Allen H. Loughry II**